UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MEGA FUNDING CORP.,

                    Plaintiff,

    v.

PEA CAB CORP., and PERSEFONE MANDELOS, a/k/a PERSEFONE C. MANDELOS,

                    Defendants.

Civ. Action No. 19-04734(DLI)

**AFFIRMATION OF DEBORAH B. KOPLOVITZ IN SUPPORT OF MEGA FUNDING CORP.'S MOTION TO REMAND**

---

        DEBORAH B. KOPLOVITZ, a member of the Bar of the State of New York and an attorney duly admitted to practice in this Court, affirms as follows:

        1.     I am a shareholder in the law firm Anderson Kill P.C., counsel for Plaintiff Mega Funding Corp. ("Mega"). I am fully familiar with the facts and circumstances of this case. I make this affirmation in support of Mega's Motion to Remand this action back to New York State Supreme Court, Queens County.

        2.     Mega commenced this lawsuit on April 29, 2019 in New York State Supreme Court, Queens County as a motion for summary judgment in lieu of complaint pursuant to New York's C.P.L.R. 3213, against Defendants Pea Cab Corp. ("Pea Cab") and Persefone Mandelos a/k/a Persefone C. Mandelos. (Exhibit "A") (Index Number 707514/2019). [1] Both

---

[1] Separate and apart from the Plaintiff's motion for summary judgment in lieu of complaint, Plaintiff had also filed a case in the New York State Supreme Court, County of Queens (Index Number 719705/2018), against Persefone, and her daughter Vasiliki Mandelos ("Vasiliki") due to their participation in a fraudulent conveyance of income-producing real property owned by Persefone, which was transferred to Vasiliki for no consideration in an effort to thwart Mega's efforts to satisfy two outstanding judgments against Persefone which were obtained on October 11, 2017, and which transfer rendered Persefone insolvent, and for other reasons for fully set forth in that Complaint (the "Fraudulent Conveyance Action"). This action has been stayed and

Defendants are collectively referred to as "Defendants". So the Court is aware, Pea Cab is the borrower of a Promissory Note and Persefone Mandelos ("Persefone") is a guarantor. (A copy of the Promissory Note and Guaranty are annexed to the Notice of Removal at Dkt. 1-5 and 106)

3. Defendants were served with the summons and motion papers on May 23, 2019. (Ex. "B").

4. Persefone filed for bankruptcy on or about June 12, 2019, but on or about August 12, 2019, she requested that her bankruptcy case, which was filed in the Eastern District of New York's bankruptcy court under case number 19-43618, be dismissed, and her request was granted. (Exhibit "C").

5. On August 16, 2019, Persefone in her sole capacity, filed a Notice of Removal attempting to remove the case to this Court. Pea Cab did not join the Notice of Removal. Pea Cab also did not file a separate notice consenting to the removal.

6. Pursuant to 28 U.S.C. § 1446(b), Pea Cab was required to consent to removal by June 22, 2019 – 30 days from when it was served with the summons and complaint.

7. Because Pea Cab did not timely consent to the removal, Persefone's removal petition is defective, and the case should be remanded back to the state court.

8. Additionally, Persefone's attempts to argue that her motion is governed by Bankruptcy Rule 9027 is inapt, because Persefone is not in bankruptcy and this is not a core proceeding, as set forth in the memorandum of law.

9. Finally, as set forth in the memorandum of law, this action is solely seeking a judgment under New York State law against Ms. Mandelos. That her daughter

---

Persefone is not seeking to remove that action to this Court, despite the fact that it does involve the bankruptcy proceeding of Vasiliki.

2

Vasiliki, a non-party to the subject Promissory Note and/or Guaranty, filed for bankruptcy, and is currently in bankruptcy has no relevance to Plaintiff's ability to have judgment entered against Ms. Mandelos, which is the sole relief sought by Mega in this action. [2]

10. As set forth in the Memorandum of Law, whether a post-petition judgment is entered against Ms. Mandelos has no relation whatsoever to Vasiliki Mandelos's bankruptcy case, which was filed on or about June 12, 2019.

WHEREFORE, Plaintiff Mega Funding Corp. respectfully requests that this Honorable Court remand this case back to the New York State Supreme Court, Queens County, and for any other and further relief that this Court deems just and proper, including the award of Mega Funding Corp.'s attorneys' fees and costs in litigating in this forum.

RESPECTFULLY SUBMITTED this 13th day of September, 2019.

By: /s/ *Deborah B. Koplovitz*
ANDERSON KILL, P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: 212-278-1000
Fax: 212-279-1733
dkoplovitz@andersonkill.com

*Attorneys for Plaintiff*
*Mega Funding Corp.*

---

[2] The Fraudulent Conveyance Action, which has been stayed, may very well be removed to Federal Court after the lifting of the automatic stay, but Persefone did not seek to remove the Fraudulent Conveyance Action to this Court.