UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MEGA FUNDING CORP.,

                    Plaintiff,

        v.                                        Civ. Action No. 19-04734(DLI)

PEA CAB CORP., and PERSEFONE
MANDELOS, a/k/a PERSEFONE C.
MANDELOS,

                    Defendants.

## PLAINTIFF MEGA FUNDING CORP.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

Plaintiff Mega Funding Corp. ("Mega" or "Plaintiff"), by and through its

undersigned counsel, respectfully submits this memorandum of law in support of its Motion to

Remand pursuant to, *inter alia*, 28 U.S.C. §§ 1334(c) and 1452(b).

## INTRODUCTION

On August 16, 2019, one of the two defendants in this action, Persefone

Mandelos, attempted to remove Plaintiff's motion for summary judgment in lieu of complaint

against Pea Cab Corp. ("Pea Cab") and Persefone Mandelos's ("Persefone") from New York

State Supreme Court, Queens County to this Court.  The sole basis for Persefone's attempted

removal is that her *daughter,* Vasiliki Mandelos ("Vasiliki") filed a petition for bankruptcy under

Chapter 11 of the Bankruptcy Code. *See* Notice of Removal at 2 (ECF Doc. 1).  Notably,

Persefone does not assert that she has a current bankruptcy petition pending, and does not (and

cannot) assert that her own bankruptcy forms the basis for removal. Accordingly, although

Persefone has attempted to invoke the provisions of Bankruptcy Rule 9027 and 28 U.S.C.§§1452

and 1334, because she has no active bankruptcy case pending, and did not have one at the time

this removal petition was filed, there is no such statutory basis for this removal petition. Plainly

put, Persefone cannot rely on her daughter, Vasiliki's bankruptcy filings to obtain removal of a state court action, which solely involves state court contract law and procedure, to this Court.

Moreover, because Persefone, Pea Cab and Mega, the sole parties to this action[1], are all New York persons, and because this action involves a claim under New York State law for a money judgment due to a default by the Defendants of their obligations pursuant to a promissory note and guaranty, this Court lacks subject matter jurisdiction.

Additionally, the other defendant named in this action, Pea Cab, did not join in Persefone's Notice of Removal, or timely submit its own separate notice consenting to the removal within 30 days of being served, as required. *See* 28 U.S.C. § 1446(b)(2)(A). Persefone's attempted removal, therefore, is procedurally defective on this ground as well. *Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222, 223-24 (N.D.N.Y. 2001).

For these reasons and those set forth more fully herein, it is respectfully submitted that this case should be remanded to State Court.


## **FACTUAL BACKGROUND**

Plaintiff initiated this action pursuant to C.P.L.R. 3213 on or about April 28, 2019 in the New York State Supreme Court, County of Queens, under Index Number 707514/2019 (the "State Court Action") against two New York persons, seeking a money judgment for a sum certain due to a default in the repayment obligations pursuant to a Promissory Note signed by Pea Cab Corp., and a guaranty signed by Persefone. Those obligations relate to a loan in the

---

[1] As explained more fully herein, Persefone's daughter, Vasiliki, is a non-party and outsider to the promissory note and guaranty at issue in Plaintiff's motion for summary judgment in lieu of complaint against Ms. Mandelos and her company, which has been removed (albeit improperly) to this Court.

2

amount of $631,672.62 issued by Mega Funding Corp. to the Defendants or about August 27, 2015. There is absolutely no request in the State Court Action for anything other than a money judgment against the Defendants. Plaintiff does not seek, contrary to the suggestions in Persefone's removal documents, enforcement of a money judgment against Vasiliki.

Pea Cab and Persefone were served on May 23, 2019. *See* Affidavit of Service attached as Exhibit "B" to the Affirmation of Deborah Koplovitz ("Koplovitz Affirmation"), filed contemporaneously herewith.  Mega, Pea Cab and Persefone are all New York State persons.

On August 16, 2019, Defendant Persefone filed her Notice of Removal attempting to remove the State Court Action to this Court, which was more than thirty days from the date on which the defendants were served. Persefone has asserted that the sole basis of Bankruptcy Rule 9027 and 28 U.S.C. §§1452 and 1334.  Pea Cab did not join in and sign Persefone's Notice of Removal.  Pea Cab also did not file a separate notice consenting to Persefone's attempted removal.  Notably, Persefone is not currently in bankruptcy court. Rather, while she had initiated a bankruptcy case in approximately June, 2019, she voluntarily dismissed her own bankruptcy case on or about August 12, 2019. *See*  Exhibit "C" to the Koplovitz Affirmation filed contemporaneously herewith.

Not only is there no subject matter jurisdiction and no diversity of citizenship for this case, but Persefone's removal is also procedurally defective because Pea Cab did not timely consent to the removal as required under 28 U.S.C. § 1446(b).  As discussed below, Pea Cab was

3

required to consent to the removal, and Persefone was required to seek to remove within the thirty-day period from service of process, which expired on June 22, 2019.[2]

In light of the lack of obvious lack of subject matter jurisdiction of this Court, Persefone has attempted to rely on 28 U.S.C.§§1452 and 1334  and Bankruptcy Rule 9027 as her basis for removal.. However, as set forth herein, Persefone is not in bankruptcy and Persefone cannot rely on her *daughter's bankruptcy petition* as a basis for having sought to remove the State Court Action to Federal Court. This is particularly so since all that is sought in the State Court Action is a money judgment against Persefone and Pea Cab. Contrary to Persefone's argument, the *enforcement* of the money judgment is not at issue in the State Court Action or the daughter's bankruptcy case.

Nor does Mega have a claim in the State Court Action against Vasiliki pursuant to the *guaranty* at issue.  In fact, the basis for Mega's claim against Vasiliki is a separate pre-petition fraudulent conveyance case Mega was required to file in New York State Supreme Court against Vasiliki and her mother, Persefone, who transferred income producing real property to Vasiliki for no consideration at a time when Mega had two judgments against Persefone. Accordingly, while Mega may very well have a claim against Vasiliki, it is not for the "same debt" at issue here as argued by Persefone.

---

[2] Notably, Persefone did not seek to remove this matter while her own bankruptcy case was pending.

4

## ARGUMENT

## POINT I

## PERSEFONE'S REMOVAL PETITION IS PROCEDURALLY DEFECTIVE  PURSUANT TO 28 U.S.C. §§ 1441 AND 1446

Pursuant to 28 U.S.C. §§ 1441 and 1446, a defendant in a state court action may remove a case to federal court if:  (1) the case originally could have been filed in federal court; and, (2) the defendant files a notice of removal within 30 days of service of process of the complaint.  28 U.S.C. § 1441(a); § 1446(a), 1446(b)(1).

Several well-established principles govern the propriety of removal pursuant to Section 1446.  First, removal jurisdiction is "strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns."  *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324 (E.D.N.Y. 1998) (granting remand because of failure of co-defendants to join in or consent to removing defendant's motion).  Under this strict construction, doubts are resolved in favor of remand and against removability.  *Id.*; *Gary v. City of New York*, 18 Civ. 5435 (ER), 2018 U.S. Dist. LEXIS 184048, at *2 (S.D.N.Y. Oct. 26, 2018).

Second, the burden is on the removing party to demonstrate that it has met the requirements for removal.  "Not only must the removing party demonstrate a jurisdictional basis for removal, but it must also demonstrate the necessary compliance with the statutory removal requirements."  *Codapro Corp. v. Wilson*, 997 F. Supp. at 325; *see also Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d at 223.

Third, procedural defects are fatal to removal petitions, and may be raised anytime within thirty days of the filing of the notice of removal.  *See Glatzer v. Cardozo*, 05 civ. 10113(KMW)(MHD), 2007 U.S. Dist. LEXIS 98383, at *8 (S.D.N.Y. Sept. 26, 2007); 28 U.S.C.

§ 1447(c).  Indeed, "[t]here is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures."  *Codapro Corp. v. Wilson*, 997 F. Supp. at 325.

Fourth, in cases involving multiple defendants, all defendants are required to join in or consent to the removal.  28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a) [removal of state court actions over which the district court has original jurisdiction], all defendants who have been properly joined and served must join in or consent to the removal of the action").  This "rule of unanimity" requires each defendant "to provide unambiguous, written consent to the Court" within the thirty-day period from service of process of the complaint.  *Gary v. City of New York*, 2018 U.S. Dist. LEXIS 184048 at *4; *see also* 28 U.S.C. § 1446(b)(2)(B) ("Each defendants shall have 30 days after receipt by or service on that defendant of the initial pleading or summons…to file the notice of removal.").  The rule of unanimity "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand."  *Codapro Corp. v. Wilson*, 997 F. Supp. at 325.

Fifth, where a removal petition lacks the "timely consent of each defendant," such petition is procedurally defective and requires remand of the action back to state court.  *Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d at 223 ("Absent such consent, the removal petition is defective and the usual course of conduct is for the federal court to remand the action back to state court."); *Gary v. City of New* York, 2018 U.S. Dist. LEXIS 184048 at *5 (failure of removing defendants to procure consent of other defendants to removal within the 30-day period rendered the removal petition defective, thereby warranting remand); *Ahmed v. Giraldo*, 15-CV-5960 (DLI)(SMG), 2015 U.S. Dist. LEXIS 154027, *10 (E.D.N.Y. Nov. 13, 2015) (court

6

ordered remand back to state court *sua sponte*; removing defendant's "retroactive procurement" of co-defendant's consent did not cure procedurally-defective removal application); *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001) (remanding case where co-defendants' attempt to consent to removal outside of the 30-day time period did not cure procedural defect in removal petition, thereby warranting remand).

Applying these rules to the case at bar requires remand of this action to state court. First, there is no federal question nor is there any diversity of parties as the State Court Action involves New York State persons for a money judgment pursuant to New York law. Additionally, Pea Cab did not timely consent to Persefone's removal petition as required under 28 U.S.C. § 1446(b). Pea Cab did not join in Persefone's petition by signing the Notice of Removal; nor did Pea Cab submit a separate joinder within the 30-day period that expired on June 22, 2019. *See Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d at 226. Moreover, any attempt to submit such a consent now – when we are well-past the 30-day deadline – would be futile as untimely and would not cure the procedural defect with Persefone's petition. *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d at 477. Persefone has not demonstrated and cannot demonstrate that her removal petition complies with the procedural requirements for removal. Accordingly, this case must be remanded.

## POINT II

**PERSEFONE CANNOT RELY ON HER DAUGHTER'S BANKRUPTCY CASE TO PROVIDE JURISDICTION OF THIS COURT AND REMAND IS MANDATORY PURSUANT TO 28 U.S.C. § 1334 (c)(2).**

Pursuant to 28 U.S.C. § 1452(a),   "a party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

"Section 1334 confers original and exclusive jurisdiction on the district courts for 'all cases arising under title 11,' and original but non-exclusive jurisdiction for all cases 'arising in or related to cases under title 11.'" *Norkin v. DLA Piper Rudnick Gray Cary, LLP,* 2006 U.S. Dist. LEXIS 14254, *7-9 (S.D.N.Y. March 31, 2006); 28 U.S.C. § 1334(a)-(b).

A district court is required to remand to state court if the proceeding is "based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11" *Norkin,* 2006 U.S. Dist. LEXIS 14254, *7-9. Remand is also required if the proceeding "can be timely adjudicated [] in a State forum of appropriate jurisdiction." *Id.;* 28 U.S.C. § 1334 (c)(2).

A case "arising under" or "arising in" Title 11 proceedings is a case which is defined as a "core proceeding" under 28 U.S.C. § 157(b). *Mt. McKinley Insurance Co. v. Corning Inc.*, 399 F.3d 436, 447-48 (2d Cir. 2005). A "core proceeding" goes to heart of federal bankruptcy power. *In re United States Lines, Inc.*, 197 F.3d 631, 636 (2d Cir. 1999)(citation omitted).  For contractual disputes, whether the lawsuit is core is based on a determination as to "(1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization." *Mt. McKinley*, 399 F.3d at 448 (citation omitted).

8

For the reasons set forth herein, Persefone cannot avoid the mandatory remand which is required here pursuant to 28 U.S.C. §1334(c) as the facts here can only lead to one conclusion: the State Court Action is as far from a "core proceeding" in bankruptcy as can be imagined, and the request for a money judgment against Persefone is completely independent from Vasiliki's reorganization. In fact, Persefone has not set forth a single argument to establish that the money judgment here is not independent of Vasiliki's reorganization.

First, as set forth above, *Persefone* is not even in bankruptcy. Second, the State Court Action is simply a basic contractual state court matter which can be adjudicated in State Court. Third, Persefone's suggestions that the "resolution" of the State Court Action "will have a clear and direct impact" on the property of Vasiliki's bankruptcy estate, or that the State Court Action has any relation to the confirmation of Vasiliki's plan of reorganization under Chapter 11, or that it would involve any debtor/creditor relationship or security interest in Vasiliki's bankruptcy case are completely spurious and frivolous arguments made without any factual or legal support.

The State Court Action is a simple contractual dispute which will result in a money judgment against Persefone and Pea Cab and the State Court Action has no relation to the bankruptcy estate of Vasiliki. There is no need for the bankruptcy court to determine the rights and responsibilities of the non-debtor parties to the Promissory Note and Guaranty and Vasiliki's "restructuring plan" has no bearing whatsoever on a judgment against Pea Cab and Persefone and *vice versa*.

Notwithstanding these obvious facts, in an attempt to create an illusion of a "relation" to a bankruptcy matter, Persefone advances the  spurious argument  that this is the "same debt" for which Mega allegedly has a claim in Vasiliki's bankruptcy. Not only does this assertion fail to avoid the consequences of 28 U.S.C. §1334(c), but as set forth above, Mega's claim against Vasiliki is due to New York's Debtor and Creditor law. It is not due to the guaranty that

9

Persefone signed. If Vasiliki wished for Mega not to have a claim against her, then Vasiliki should not have participated in a fraudulent conveyance.

Just as meritless as Persefone's assertion that this is the "same debt" as in Vasiliki's bankruptcy case, are the four suggestions for the basis for removal of the State Court Action to this Court. None, however, provides this Court with jurisdiction and any basis for the inevitable remand which is required per 28 U.S.C. §1334(c). Each will be addressed in turn.

Persefone first argues at page 2 of the Notice of Removal (Dkt. 1 at 2), that "if the Bankruptcy Court approves a plan of reorganization in [Vasiliki's] bankruptcy case, [Persefone] may be relieved of some or all liability under the alleged [guaranty] that the Plaintiff in the instant action seeks to enforce." This argument, however, makes no sense and Persefone does not provide any explanation as to how Vasiliki's bankruptcy case could relieve her mother of her guaranty obligation to Mega for the loan at issue in the State Court Action. More importantly, Persefone fails to explain how this assertion meets Persefone's burden to establish that the State Court Action is a core proceeding.

Second, Persefone improperly suggests that "any recovery awarded in this action would be subject to a reduction of monies paid by [Vasiliki]". Here, in addition to failing to explain that the State Court Action is a core proceeding, it also appears that as a matter of New York State law, Persefone is putting the cart before the horse. All that Mega is seeking in the State Court Action is a money judgment against Pea Cab and Persefone.  Mega is not seeking to enforce the not-yet entered money judgment against Persefone or Pea Cab. Accordingly, this is not a core proceeding and remand is required[3].

---

[3] In addition to failing to support this argument at all, it is worth noting that this would appear to improperly incentivize, and not inhibit, a transferor to engage in fraudulent conveyances, and then to use the transferee's other assets to obtain a reduction of the transferor's obligations. It is

Third, Persefone asserts that "the Guarantors, including Mandelos, have a defense of election of remedies, and the Plaintiff is required to elect its remedies, pursuant to the agreement by and between all parties in the instant action." This argument not only makes no sense, and is not supported by any law or citation to the guaranty at issue, but this argument similarly overlooks that Vasiliki and Persefone participated in a fraudulent conveyance of income-producing real property. Therefore, the "defense" of "election of remedies" has no application here, even if the actual guaranty at issue did contain such a limitation on Mega *vis-à-vis* Persefone (which it does not). In any event, this argument also fails to establish that the State Court Action is a core proceeding.

Fourth, Persefone asserts that "the prohibition against duplicative recovery requires that, in the event a judgment is enforced by Plaintiff in this action, the resulting recovery be applied as an offset to reduce its claims against the bankruptcy estate, thereby potentially increasing the distribution to the Plaintiff and other potential creditors" Once again, Persefone's argument makes no sense, omits the issue with the fraudulent conveyance, puts the cart before the horse, and fails to establish that the State Court Action is a core proceeding.

Accordingly, there is no jurisdiction over this matter pursuant to 28 U.S.C. § 1452(a) and remand is required pursuant to 28 U.S.C. §§ 1334(c) and 1452(b).

---

respectfully submitted that this Court should remand the State Court Action to avoid any such result.

11

WHEREFORE, for the reasons set forth herein, and in the Affirmation of counsel, it is respectfully requested that the Court remand the State Court Action.

Dated:  September 13, 2019

By:   /s/  *Deborah B. Koplovitz*
ANDERSON KILL, P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: 212-278-1000
Fax: 212-279-1733
dkoplovitz@andersonkill.com

*Attorneys for Plaintiff*
*Mega Funding Corp.*

12